UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN ROWE MAZZORANA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 1899 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| MICHELE DORR KELLY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Susan Rowe Mazzorana, who is dating Defendant Michele Dorr Kelly's ex-husband, alleges that Kelly reviewed emails and text messages between her and the ex-husband on an iPad used by the former couple's children. Mazzorana (and the ex-husband) sued in the Circuit Court of DuPage County alleging that this violated the Electronic Communications Privacy Act (commonly known as the Federal Wiretap Act), 18 U.S.C. § 2511, and constituted the Illinois torts of intrusion on seclusion and intentional infliction of emotional distress. Kelly removed the case to this court, after which the ex-husband dropped his claims. Kelly has now moved to dismiss Mazzorana's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court dismisses Mazzorana's Wiretap Act claim for failure to state a claim and declines to exercise supplemental jurisdiction over the state tort claims.

**BACKGROUND**[1]

Kelly and her former husband, Leo Kevin Kelly ("Leo"), divorced in 2017. Mazzorana and Leo began dating in 2019. During their relationship, Mazzorana and Leo exchanged text messages and emails of a private nature. In July of 2020, Leo learned that an iPad used by his

---

[1] The Court takes the facts in the background section from Mazzorana's complaint and presumes them to be true for the purpose of resolving Kelly's motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013).

and Kelly's children was linked to his Verizon account and signed into his iCloud account. Kelly used this iPad. This iPad provided access to Leo's communications in his iCloud account until he deleted the iCloud account. Kelly unsuccessfully attempted to log into Leo's iCloud account after he deleted it from the iPad. During a deposition in the former couple's post-decree domestic relations litigation, Kelly admitted to reading Leo's emails and texts.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.     Wiretap Act Claim**

Kelly argues that Mazzorana has failed to state a plausible Wiretap Act claim because she has not sufficiently pleaded that Kelly intentionally acted to intercept the emails and texts contemporaneously with their transmission. The Wiretap Act empowers a private citizen to bring a civil right of action against someone who "intentionally intercepts [or] endeavors to

2

intercept . . . any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a), § 2520 (civil remedies). "Intercept" under the statute is "the aural or other acquisition of the contents of any wire, electronic, or oral communication." *Id.* § 2510(4). Interception of the communication must occur contemporaneously with its transmission. *Peters v. Mundelein Consol. High Sch. Dist. No. 120*, No. 2021-CV-0336, 2022 WL 393572, at *11 (N.D. Ill. Feb. 9, 2022) ("Every court of appeals to consider the issue has concluded that to constitute an 'interception' under the Wiretap Act, 'the acquisition of a communication must be contemporaneous with its transmission.'") (collecting cases)); *see Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) (declining to take a position but holding an email-forwarding rule that copied email at the server was unlawful interception); *United States v. Szymuszkiewicz*, 622 F.3d 701, 705–706 (7th Cir. 2010) (email-forwarding rule constituted unlawful interception despite intended recipient's receipt of same email). Contemporaneous interception is "understood as the act of acquiring electronic communication in transit—rather than the acquisition of stored electronic communications, which is addressed by the Stored Communications Act." *Epstein*, 843 F.3d at 1149.

The complaint alleges that Kelly viewed Mazzorana's communications with Leo on an iPad that had access to Leo's iCloud account. This does not state a claim of contemporaneous interception under the Wiretap Act. Email stored in the cloud is no longer "in transit" for the purposes of the Wiretap Act. *Hovanec v. Miller*, No. SA-17-CV-766-XR, 2018 WL 1221486, at *5 (W.D. Tex. Mar. 7, 2018) ("[A]ccessing emails in the iCloud account, even if unread, is not interception[.]"). The complaint makes no allegations of any specific steps that Kelly took to access the iCloud account (except unsuccessfully after Leo deleted the iCloud account from the iPad in Kelly's possession), but even if it did, mere viewing of stored emails does not amount to a violation of the Wiretap Act. *See id.* at *4 ("Congress did not intend for 'intercept' to apply to

3

'electronic communications' when those communications are in 'electronic storage.'" (citing *Steve Jackson Games, Inc. v. U.S. Secret Serv.*, 36 F.3d 457, 461 (5th Cir. 1994))); *Thornton v. Thornton*, 492 F.Supp.3d 810, 816 (W.D. Ark. 2020) (reading former spouse's emails did not constitute "a mechanism by which to *intercept* emails *as they were sent* to or by" former spouse (emphasis in original)).

## II.  State Law Torts

Mazzorana also brings Illinois state law claims for intrusion on seclusion (Count II) and intentional infliction of emotional distress (Count III). Kelly seeks dismissal of the seclusion tort claim on the basis that the complaint fails to adequately plead that viewing the emails was an intrusion or sufficiently objectionable, or that Leo had an expectation of privacy in the emails linked to the iPad. She further argues that the intentional distress claim fails because the complaint includes no allegations that she intentionally sought to inflict severe emotional distress or that her conduct was extreme or outrageous. Finally, Kelly argues that Mazzorana has not sufficiently stated the element of harm of both counts.

Here the Court has original jurisdiction over the Wiretap Act claim pursuant to 28 U.S. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Because the Court dismisses the claims over which it has original jurisdiction at this time, the Court declines to exercise supplemental jurisdiction over Mazzorana's state law claims. The Court dismisses the state law claims without prejudice and defers consideration of Mazzorana's arguments on those claims until Mazzorana has adequately alleged a basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1367(c), *Groce v. Eli Lilly Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without

4

prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

## CONCLUSION

For the foregoing reasons, the Court grants Kelly's motion to dismiss [14]. The Court dismisses Mazzorana's complaint without prejudice.

Dated: April 25, 2022

_____
SARA L. ELLIS
United States District Judge